## Lange *v.* Lewi.

### (*Superior Court of New York City, General Term.* June 27, 1890.)

**Replevin—Return to Defendant—Affidavit.**

Under Code Civil Proc. N. Y. § 1704, providing that defendant in replevin to reclaim the goods must, among other things, deliver to the sheriff "an affidavit, containing an allegation, either that the defendant is the owner of the chattel, or that he is lawfully entitled to the possession thereof, by virtue of a special property therein, the facts with respect to which must be set out," defendant's affidavit that he is a warehouseman; that the goods were deposited with him, as such, by one A.; that he issued his receipt therefor; and that, to the best of his information and belief, A. is the owner, and entitled to the possession thereof,—is sufficient.

Appeal from special term.

Replevin by Edward Lange against David Lewi. Judge Truax, at special term, filed the following opinion: "The Code of Civil Procedure, § 1723, authorizes a defendant in an action for a chattel to defend on the ground that a third person was entitled to the chattel without connecting himself with the latter's title. Section 1704 says that the affidavit required by that section must contain 'an allegation,' etc. There is such an allegation in the affidavit delivered to the sheriff. That it is made on information and belief is immaterial, for he is authorized to defend on information and belief. Motion denied, with costs to abide event." Code Civil Proc. § 1704, provides that, in order for defendant in replevin to reclaim the goods, he must, among other things, deliver to the sheriff "an affidavit containing an allegation either that

the defendant is the owner of the chattel or that he is lawfully entitled to the possession thereof, by virtue of a special property therein, the facts with respect to which must be set forth." Defendant made affidavit that he was a warehouseman; that the goods were deposited with him, as such, by one A.; that he issued his receipt therefor; and that, to the best of his information and belief, A. was the owner, and entitled to the possession thereof. Plaintiff appeals.

Argued before FREEDMAN and O'GORMAN, JJ.

*Carter, Hughes & Cravath,* (*Frederic R. Kellogg,* of counsel,) for appellant. *Hays & Greenbaum,* for sheriff, respondent. *J. G. Flammer,* for defendant.

PER CURIAM. This is an appeal from an order denying plaintiff's motion to compel delivery by sheriff to plaintiff of property which the sheriff, on plaintiff's requisition, had taken in replevin. It appears that the defendant is a warehouseman; that he received the goods in question from one Alexander Agar on storage, and issued his receipt therefor; and that he prevented a delivery to the plaintiff by delivering to the sheriff the notice, affidavit, and undertaking required by section 1704 of the Code of Civil Procedure. The affidavit was sufficient, for the reasons stated by the learned judge below, and we can see no merit in any of the points raised by the appellant. The order should be affirmed, with $10 costs and disbursements.